IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAUREN BENDER, | § | |
| | § | |
| Defendant Below, | § | No. 214, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N2201003902 |
| | § | |
| Appellee. | § | |

Submitted: July 3, 2024
Decided: July 29, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

(1)  The Superior Court sentenced the appellant, Lauren Bender, on February 16, 2024, for a third-offense DUI.  That same day, Bender's counsel, Joseph A. Hurley, Esquire, filed in the Superior Court on Bender's behalf a request for a certificate of reasonable doubt.[1]  On February 27, 2024, Hurley filed two additional motions in the Superior Court:  one asked the court to stay the execution

---

[1] *See* 11 *Del. C.* § 4502 ("No writ of error or writ of certiorari issuing from the Supreme Court in any criminal cause shall operate as a stay of execution of the sentence of the trial court unless such writ of error or writ of certiorari be sued out within 30 days from the date of final judgment in the court below, and unless the plaintiff in error obtains from the trial court (or, if the trial court refuses, then from 1 of the Justices of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the plaintiff in error furnishes bond to the State, with surety to be approved and in an amount to be fixed by 1 of the Justices of the Supreme Court, conditioned as prescribed by rule of court. . . .").

of Bender's sentence to allow counsel to obtain information about various medications that Bender was prescribed, in order to determine whether termination of those medications would impair Bender's health; the other sought to have a licensed pain-management physician evaluate Bender and make recommendations as to her medication regimen while incarcerated.[2]

(2)     On February 29, 2024, the Superior Court entered an order requiring the Department of Correction ("DOC") to provide to the court Bender's medical records, including information about intake assessments for prescription drugs, the drugs that were being administered, and the frequency of follow-up assessments. On March 5, 2024, Hurley filed an Amended Motion for Medical Relief to Avoid Constitutional Infringement of the Eighth Amendment Prohibiting Cruel and Unusual Punishment (the "Amended Motion"). The Amended Motion asserted various differences between Bender's medication regimen before and after entering prison and renewed the request that Bender be assessed by a pain-management doctor. On March 8, 2024, Hurley filed a motion to withdraw the Amended Motion, stating that after reviewing the medical records that the court had ordered DOC to provide, counsel was satisfied as to Bender's medical treatment.

---

[2] The Court notes that the February 27 motions indicate that Hurley had requested, orally during the sentencing hearing on February 16, a five-day stay of execution to allow counsel to obtain such information. That extension having not been granted, counsel still had not obtained the information when he filed the written motions eleven days later.

(3)     On March 13, 2024, the State filed an opposition to the motion for a certificate of reasonable doubt and the motion for stay.  The Superior Court docket does not reflect any further activity after March 13.

(4)     Hurley filed the notice of appeal in this direct appeal on May 28, 2024, more than three months after the Superior Court imposed—and Bender began serving—Bender's sentence.[3]  Supreme Court Rule 6(a)(iii) provides that a notice of appeal shall be filed "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction."  The Senior Court Clerk issued a notice to show cause why the appeal should not be dismissed as untimely filed.

(5)     In response to the notice to show cause, Hurley states that the Superior Court did not enter a written sentence order until April 25, 2024.  He suggests that he could not file a notice of appeal until the Superior Court entered a written sentence order because this Court's rules require that the sentence order accompany the notice of appeal.[4]  Hurley states that he made "what may be described as a 'frantic' attempt to have the [Superior Court] file a Sentencing Order concluding all pending matters

---

[3] The Superior Court sentenced Bender to eighteen months of incarceration, suspended after ninety days for one year of probation.  Thus, Bender may have completed her unsuspended Level V sentence by the time the appeal was filed.

[4] Hurley cites Supreme Court Rule 7(b)(7) for this proposition.  There is no Rule 7(b)(7).  Rule 7(b) provides for the filing of cross-appeals and has no subsections.  The Court infers that Hurley intended to refer to Rule 7(c)(9), which provides that "[a] copy of the order of judgment . . . sought to be reviewed, and any separate rationale for it, if available, shall be attached to the notice of appeal . . ., and if not available, a statement indicating such unavailability shall be included."  DEL. SUPR. CT. R. 7(c)(9).

so that an Appeal could be filed." He argues that there is "a degree of ambiguity" in this case as to when a final judgment occurred, cites federal case law for the proposition that a written sentence order is the final judgment in a criminal case, and asks that the Court accept the appeal based on "the concept that a judgment is not final until the Sentencing Order has been docketed with the Court clerk." He also "maintains that the exception noted in Rule 6 is applicable."[5]

(6) Hurley included with the response to the notice to show cause communications that appear to show that he or his staff made several attempts to obtain a copy of a signed sentence order, but such order was not forthcoming from the Superior Court. Although the court imposed Bender's sentence on February 16, 2024, it is not entirely clear when the court signed the sentence order. The list of entries on the Superior Court docket does not include a line indicating the filing of a signed sentence order. The copy attached to the notice of appeal bears an "approved" date of April 25, 2024. Based on the exhibits to the notice to show cause, and citing *Bey v. State*,[6] the State posits that the delay in filing this appeal is at least

---

[5] Rule 6 does not explicitly identify an exception, but a "court-related personnel" exception has developed in the case law. *See, e.g.*, *Hall v. State*, 2024 WL 392973, at *1 (Del. Feb. 2, 2024) ("Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.").

[6] 402 A.2d 362, 363 (Del. 1979). *See also, e.g.*, *Hall*, 2024 WL 392973, at *1 (citing *Bey* for the proposition that an untimely appeal cannot be considered unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel).

4

partly attributable to court-related personnel and that we should therefore permit the appeal to proceed. After careful consideration, we are constrained to disagree.

(7) "The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period."[7] Unlike postconviction appeals, in which the time to appeal runs from the date that the judgment or order being appealed is entered on the trial court's docket,[8] a direct appeal of a criminal conviction must be filed within thirty days after the sentence is imposed.[9] The distinction makes sense, as a criminal defendant is present in court when the Superior Court pronounces—that is, imposes—the sentence but typically is not present when the court decides a postconviction matter. The pronouncement of sentence in open court gives the defendant notice that the time for filing an appeal has begun to run.[10]

---

[7] *Heller v. State*, 2016 WL 4699158, at *1 (Del. Sept. 7, 2016) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

[8] DEL. SUPR. CT. R. 6(a)(iv).

[9] *Id.* R. 6(a)(iii); *see also Cassidy v. State*, 1996 WL 376927, at *1 (Del. June 19, 1996) (dismissing direct appeal in which "[o]n May 29, 1996, the Court received the appellant's untimely notice of appeal from the Superior Court's imposition of sentence on April 26, 1996" and stating that, under Supreme Court Rule 6, "a timely notice of appeal should have been filed on or before May 28, 1996"). Federal case law is not persuasive as to the time to appeal to this Court, because the Federal Rules of Appellate Procedure differ from this Court's rules.

[10] In cases in which a delay is at least partly attributable to court-related personnel, the Court has held that the time to appeal runs from when the appellant had actual notice of the court's action. *See, e.g.*, *Barnett v. State*, 2006 WL 2371338 (Del. Aug. 14, 2006) (dismissing as untimely a postconviction appeal in which the Superior Court docketed the decision on December 6, 2005, but did not send the appellant a copy; the appellant learned that the court had issued a decision when he received a copy of the docket sheet on January 13, 2006; he then "immediately" requested a copy of the decision; the prothonotary did not respond to the request for a copy of the decision; and the appellant filed the appeal on March 30, 2006—the Court held that court-related personnel did not prevent the appellant from filing his notice of appeal within thirty days of receiving the docket sheet); *see also, e.g.*, *Lewis v. State*, 2015 WL 5679716, at *2 (Del. Sept. 25, 2015) ("This Court has consistently held that when an appellant filing an untimely appeals attributes the delay

5

(8) Notwithstanding the delayed production of a signed sentence order in this case, Bender's sentence was imposed on February 16, 2024.[11] Indeed, the notice of appeal acknowledges as much.[12] Moreover, the argument that Rule 7 requires that a copy of the sentence order be attached to the notice of appeal is misplaced. The rule provides that, if the order is not available, "a statement indicating such unavailability shall be included"[13] and thus makes clear that the unavailability of a written order does not prevent a party from timely filing a procedurally proper notice of appeal.[14] Because the unavailability of a signed sentence order does not prevent

---

in filing the appeal to court-related error, the appellant must file the notice of appeal within thirty days of receiving notice of the order the appellant is appealing."). In this case, Bender and her counsel knew that she was convicted and sentenced when the Superior Court pronounced, and she began serving, her sentence.

[11] *See Johnson v. State*, 2003 WL 60487, at *1 (Del. Jan. 6, 2003) ("Even though the record indicates that the Superior Court's sentencing order was not signed and docketed until September 26, 2000, it is clear that the Superior Court imposed sentence upon Johnson on April 16, 1997, immediately after he pleaded guilty to escape.").

[12] *See Bender v. State*, No. 214, 2024, Docket Entry No. 1 (Del. filed May 28, 2024) ("Please take notice that Lauren Bender, Defendant-Below-Appellant, does hereby appeal to the Supreme Court of the State of Delaware from the verdict and sentence imposed . . . on February 16, 2024, in the Superior Court . . . ."). In the Motion for Stay of Sentence filed in the Superior Court on February 27, 2024, Hurley complained about the court's decision to allow the State a thirty-day period to respond to the request for a certificate of reasonable doubt on the basis that "Defendant has but 30 days to file an appeal on the merits of the underlying conviction."

[13] DEL. SUPR. CT. R. 7(c)(9).

[14] *See Cassidy*, 1996 WL 376927, at *1 (rejecting appellant's argument that the direct appeal "was filed late because a copy of the Superior Court's sentencing order was not available to be attached to the notice of appeal" because, under Rule 7(c)(9), the "appellant could have filed his appeal in a timely fashion with a statement indicating the sentencing order was unavailable at the time of filing the notice of appeal"); *see also Barnett*, 2006 WL 2371338, at *2 ("Apparently, Barnett believed that he was required without exception to file the notice of appeal with a copy of the decision attached. The Supreme Court Rules expressly provide, however, that a decision on appeal does *not* have to be attached to a notice of appeal if the decision is unavailable. Barnett could have filed his notice of appeal in a timely fashion with a statement indicating that the December 6, 2005 decision was unavailable." (citing DEL. SUPR. CT. R. 7(c)(9)) (footnotes omitted)).

the timely filing of a direct appeal, the delay in this case is not attributable to court-related personnel, and the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice